All right, our second case for this morning is John Doe against Eric Holcomb. Mr. Saenz. Good morning, Your Honor. May it please the court, my name is Thomas Saenz and I represent the plaintiff and appellant in this action. The statute at issue is one that governs relations between the state itself, which is the grantor of changes of legal name, and private parties, including the plaintiff, John Doe. That is to say that this is not a statute that governs relations between private parties, as when the state might create or define liability between outside parties, and it is not a statute that governs relations between local government and private persons, like the statute that was involved in Hearn, the case cited by the district court here. In this context, where the statute involves relations between the state itself and private persons, you might imagine that a plaintiff would find it particularly of interest to raise a constitutional challenge to the discrimination in that statute in federal court, rather than in state court. So you need an adversary, though, don't you? I mean, who is in a position to fix the problem with this Indiana statute that you have highlighted in this case, Section 2.5A.5? We believe that all of the named defendants, the state defendants and the county clerk, are able to provide redressability in this case. Specifically- So why would their- suppose you had an injunction that said the county clerk must accept applications that do not address one way or the other whether the applicant is a United States citizen. I guess that injunction would also have to say something like, because the court finds that Section 2.5A.5 is unconstitutional for such and such reason. What I'm trying to figure out is how just ordering the county clerk to take the application would be regarded by an Indiana court then, in the next step, as something that tied that court's hands, as something that dictated to the court what's the content of the law we are now applying. Well the plaintiff sought declaratory relief, which would be a declaration that this statute requiring that you be a United States citizen to change your name is unconstitutional. It's really the because part of my hypothetical injunction. You, county clerk, must take applications that don't address citizenship because that requirement is unconstitutional. At that point, I guess your theory is it's just been deleted from the law, and so when the case reaches the state court, the state court will, we always assume, abide by federal law and will not self-impose that. The declaration that the statute is unconstitutional, the because part of your hypothetical, would presumably be followed by the state court judges. We were also seeking injunctively relief that would, in essence, direct the clerk and the state court administrator to cease providing forms that require proof of citizenship, to cease giving advice, in the case of the county clerk, that you must be a U.S. citizen to obtain a legal change of name, and an injunction against the governor or attorney general from taking any action to enforce the unconstitutional requirement that you be a U.S. citizen to change your So you didn't sue, though. I mean, I have to say I have some problems with your notion that the governor somehow can be sued in every single case where someone has a problem with state law. Your Honor, that's not our position. I mean, the governor does have faithfully execute, you know. That is not our position. So where do you draw the line? That is why I was contrasting a statute like this one that governs relations between the state itself and private parties from statutes that govern relations between private parties or statutes that govern relations between local government and private parties. But essentially, it looks like the whole field, I mean, I'll grant you it's not private law. So it's not the law of contract, not the law of property. Fine. That's a relief. But it surely is the area of public law. And maybe you have found other defendants. Maybe the governor doesn't need to be dragged into every one of these things. Can you tell me why, I guess you did not sue the whoever, I don't know what the title is in Indiana, but the director of the Bureau of Motor Vehicles? I mean, isn't that where these IDs actually get issued, which seems to be at the heart of John Doe's complaint? The police stop him and he has a female name on the ID and so they harass him or he goes to try to buy some liquor and there's a female name and they're not even sure if that's really a valid ID that he's presenting, et cetera. If your question is why we didn't sue the director of the Bureau, I think the answer is that we assumed that the director would point the finger at the governor and at the law that's being challenged and argue that his or her hands were tied and they could do nothing. And surely the county clerk, everybody else you've sued would say the same thing, right? Well, no, I think they can say that. And of course they do say that, but whether they can legitimately say that is another question. In this case, the county clerk could decide that I'm no longer going to give people advice that you must be a U.S. citizen because that is illegitimate and unconstitutional. Could decide to no longer provide forms that require that you present some proof of citizenship. Similarly, the state court administrator could change the forms that she distributes throughout Indiana and indicate you do not have to provide proof that you're a United States citizen. And similarly, the attorney general could declare, make an opinion that this is an unconstitutional provision and need not be enforced by circuit court judges who are passing on legal name changes. Right. So I want to follow up on that a little bit because suppose somebody went to a Bureau of Motor Vehicles and somehow convinced them to issue whatever it was, the state ID card or the driver's license in the name that that person wishes to be known by. And the attorney general gets wind of it. There are backup penalties, are there not, in Indiana, whether they're misdemeanors or something worse than that for, quote unquote, misrepresenting your name on a license? I believe that is the case, Your Honor, yes. I would also say in that circumstance, the director of the Bureau would potentially face consequences from the governor of the state if the governor disagreed with the conclusion apparently made by the director of the Bureau to issue the license, despite there being no legal change of name because of a conclusion that that individual could not legally change their name because they're not a United States citizen and that that requirement is illegitimate, which is why, again, we felt the governor was a more appropriate defendant than the director of the Bureau. So the director of the Bureau answers to the governor who, if he disagreed with that conclusion, would first presumably hold the director of the Bureau responsible, far beyond going after the individual who may have requested and received the license or ID that indicates an incorrect name. So it seems to me, in a couple of different ways, essentially what you're doing is you're because everybody seems to agree that if John Doe had filed an application and had correctly said, you know, I'm not a U.S. citizen, but I have legitimate status in this country because I've been granted asylum, so there's no question about being not properly documented, and then went to the state court, the state court did the predictable thing and turned him down, at that point, he would be able to bring his constitutional claim before the state court, but you would like to, but he doesn't want to have violated the law first? That's correct, Your Honor. He does not want to go out and misrepresent either that he is a citizen, perhaps by lying on that application for a legal name, very bad mistake, or by trying to obtain a license or identification card that doesn't reflect his legal name. So in that sense, it is a pre-enforcement challenge, if you will, whether or not there ultimately would be a challenge to his doing one of those things. But the point with respect to what the state court would do, it's quite clear it would have no choice applying the law as it exists today, but to deny that change of name if there is no proof of citizenship. So proof of asylee status would not suffice, proof of lawful status. What if the state court, your opponents say, oh, well, you know, the state court could just look at this and see, read the same cases you're asking the federal courts to read, conclude that this is an unconstitutional provision of the state statute, so declare, and the problem would be solved. Well, the problem with that is twofold. First of all, it then requires non-citizens to engage constitutional lawyers to make a constitutional argument in the state circuit court, which others who are seeking a change in legal name do not have to do. That additional burden by itself would be an injury, occasioning a potential challenge like this one. Second, that would require John Doe, in this case, to seek to vindicate his constitutional claim in state court rather than being able to choose a federal district court forum as others who challenge discriminatory laws have for the last 50, 60 years been able to do. No, I mean, so your argument here is, as I understand it, is really that the general rule for 1983 is that there's no exhaustion requirement looking to state court. There are a few areas where that's not true. I'm thinking of eminent domain, for example, but no one has ever said this is such an area. There are very limited areas. Family law also might be one of them, where there may be an unstated requirement that you, in essence, exhaust state court remedies. In this case, exhausting state court remedies would also leave John Doe with his only recourse to the federal courts, to which he might want to have recourse given the controversy around today, the rights of non-citizens, around the rights of transgender individuals. He might well seek to have his constitutional claim heard and decided in independent federal courts, but he would be giving up that right because pursuing his constitutional claim in the circuit court, then the appellate court, then in the Indiana Supreme Court would mean his only recourse to the independent federal court system would be on the remote likelihood that the U.S. Supreme Court would choose to hear. Yeah, that's right, because otherwise there'd be a claim preclusion. Are you assuming that the Attorney General can enforce Indiana's criminal laws or those laws? What's the Attorney General's role in this? In this case, the Attorney General has now indicated that he would intervene to defend any constitutional challenge to this provision were it raised in state court. So he's comfortable being in it and announces that he would be a defender of this statute in state court, but wants to be kicked out here. That's the Attorney General's interest and his connection to enforcement in our view warranting standing. I see that my time is up other than rebuttal. You may save your rebuttal if you like. Ms. Barrow. Good morning. My name is Frances Barrow. I represent the Indiana Governor, Attorney General, and the Director of the Indiana Supreme Court's State Court Administration Division. I'm taking the first 10 minutes of Appellee's time. Mr. Doe is seeking an order that enjoins the state defendants from enforcing the citizenship requirement of Indiana's name change statute. The problem with that is that the state defendants have no role in the name change process. I've been thinking a lot about this. This is an unusual case because most cases actually in some sense have two parties, right? But this is not as unusual I think as it may seem at first blush because the state court has a similar role, for example, with adoptions where there's frequently no adversary party. Somebody wants to adopt a child and they just go directly to the state court, yet there have been successful challenges to alleged restrictions on adopting foster children. There have been successful challenges to restrictions on adoption of Native American children or mixed race adoptions. In other words, there's been a way to issue a declaration outlining the proper scope of the adoption statutes in a situation that strikes me as very much like this one. I think unlike the adoption scenario, which does have the potential for adversarial parties, sometimes the State Department of Family and Children gets involved because they're foster families. I'm focusing on that subset of cases where they don't and the state courts, obviously, are the place where you go for adoption. In that case, assuming there is no defendant, it's in re the adoption of so and so. Just like this is in re the name change of John Doe. In that case, it's in the process of that petition for adoption, like it would be in the process of a petition for name change, that the constitutional claims are litigated. But there have been federal cases in this area and I think what they've seen themselves as is what I was saying before, in a sense a pre-enforcement challenge to an unconstitutional state law. And because the Attorney General in particular, I'm going to put the Governor to one side, I think that's a hard lift, but the Attorney General in particular is the person who would be bringing enforcement actions of a criminal nature and perhaps other enforcement actions in this name change area. That's been enough to bring in the Attorney General in other areas. Well, in the name change area, the potential for criminal enforcement in Mr. Doe's case would be as if he perjured himself in his verified petition. For example, if he said, I am a U.S. citizen. And this Court has held that a plaintiff's wrongdoing cannot be the basis for standing. But the Attorney General doesn't have any role in prosecuting. No, and that's a tangential role to begin with. Right, you can't bring a criminal complaint. That role is tangential to begin with, yes. What about this statute that makes a misdemeanor out of false identity statements, punishing knowing material misstatements of identity in conjunction with official proceedings? So, if Doe presents himself as John Doe, not Jane Doe, then couldn't he be prosecuted? Is this within the name change statute? It's section 3428.2.2.5A5, well those are the violations of the false identity statutes 3544.1-2-4. I think that potential for prosecution does not give him standing because what he wants is a name change order. And so, those types of prosecutions are fairly remote from what he is seeking in this case. Even more than he wants an Indiana driver's license with his male name, he needs that name change order before any other change can happen in his immigration documents, his driver's license. And so, any order from a federal court to the state defendant saying you are enjoined from enforcing the name change statute would not be of any benefit to Mr. Doe because they don't do anything to begin with. Suppose you had the order, though, that I was thinking about, which would simply say to the various people responsible for different parts of the name change process, whether it's the clerks or whether it's the court administrator, the federal court declares subpart 5 to be unconstitutional. So you, court administrator, you, county clerk, you, perhaps somebody else, can't do anything inconsistent with that. That's what he needs because I don't have any reason to believe that the state court would not respect such a declaration. That would be an inappropriate assumption. Well, does the question assume a declaration but no injunction? Well, that's often the way comedy proceeds. Supreme Court has said in this sort of litigation it's actually preferable to start with a declaratory judgment on the assumption that the state court will respect the federal court's order. Now, as you know, 2201 has also provision for backup injunctive relief if necessary. I think here the difficulty, if you don't have proper defendants, I mean, there's still the bedrock issue of jurisdiction. I guess you're assuming the proper defendant has to be able to accomplish all of the steps, and I'm not sure that's accurate. I think if they're simply taking one of the steps that's an essential step, that's enough. There's only one step I think that's relevant here, and that is the declaration that the state court has to be constitutional so that the name change judge cannot apply that in a way that they'd have to deny his petition. That's really the... Why wouldn't it require also, though, the court administrator, let's say, one of your clients, to delete from all forms, delete from all advice anything about citizenship? Right now they wouldn't do that. They would probably think that was irresponsible given the wording of Indiana law. Well, if there were a final order from a federal court saying this provision is unconstitutional, then, I mean, I think the state of Indiana has shown that it will follow through appropriately in all the different areas. And so he wants, his adversary is not a state official. His adversary is the statute itself. But you've created this situation where the people who are administering the statute can't be reached, and certainly I wouldn't want to encourage Mr. Doe to sue the Indiana legislature. It seems that would be fraught with problems that I can't even begin to list. So I don't think that's a reasonable alternative. It's as though Indiana passed a statute that said, you know, end with adoption, end with name changes, you know, we're going to forbid anyone from adopting a name that's Muslim in origin. And you say, well, you know, that's it. Indiana just doesn't allow Muslim names. And surely that's not what Indiana is trying to do. It's not what Indiana wants, and we shouldn't say that's unreachable. It's not unreachable. I think in this context, and it's a very narrow context, somebody applying for a name change that for an adult doesn't tend to be an adversarial process at all, that you don't have other players that would oppose the name change that would be potential defendants. Creditors sometimes do. And sometimes people would like to have names that for some reason, usually they're obnoxious names, but for some reason the state doesn't want to permit. Well, and the course of objecting to a name change is not the same as making yourself a defendant against whom relief can be provided. And so in this case, Mr. Doe had neither Article III standing, neither does the 11th Amendment Ex parte Young Exception apply, because he simply has not shown any connection between the state defendants and the operation of the name change statute. The Attorney General in Indiana's primary role is to offer legal opinions, isn't that correct? That's one of the functions of the office. You don't prosecute cases. Some cases we do, but there would not be a prosecution of Mr. Doe. Well, what cases do you prosecute in Indiana? Well, Medicaid fraud, for example. Medicaid fraud is an area of prosecution. But this is a limited area. Most prosecutions in Indiana are brought by local prosecutors. Correct. And to the extent there could be an advisory opinion on this very statute, that has no legal force. It doesn't change the position of the parties. And the agencies can either follow or not follow your recommendation. Right. That's correct. So we would ask the court to affirm the judgment as to the state defendants. Thank you. Thank you very much, Ms. Barrow. Mr. Morgan. Thank you, Chief Judge Wood. And may it please the court. I think the primary problem with the argument Mr. Doe is offering on appeal as to the clerk is that it loses sight of who bore the burden to establish jurisdiction at the district court. And it does that in two ways. One is evidentiary and the other is legal. The only evidence in this record is that the Marion County clerk does not, and by training and policy, her staff may not, refuse to accept a name change petition from anyone based on clerk staff views as to whether they would satisfy the merits of the statute and may not discourage anyone from filing an appeal. But they are discouraging. I mean, there's a very clear futility message that's being sent by the clerk. And as we have the record, the clerk's office is telling people, don't bother to put this in if you are not a U.S. citizen, just as once upon a time, not so long ago, the clerk's office for marriage licenses might have said, you know, if you are of the same sex, don't bother. So I think there are two important distinctions, and I'll take the second one first. On the marriage license issue, county clerks in Indiana, like in most states, actually are the ones with the authority to issue or deny a marriage license. So no question that a county clerk is a proper defendant in those marriage equality cases. This is different. This is no different than filing a tort complaint. The clerk's job is to take it, file stamp it, and send it to the appropriate court to resolve it. But aren't you at all bothered by the fact that the discouraging function, the dissuading function that the clerk's office is providing may, in fact, be unconstitutional? And so, and that's why I raised the burden issue. There is no evidence in the record that that happened. And as this court explained in the Apex Digital decision, when a defendant raises a factual challenge to jurisdiction, to standing, it becomes the plaintiff's burden to come forward with competent proof that standing exists. The assumption of truth of the allegations in the complaint falls away. And just like the plaintiff in Apex Digital, Mr. Doe came forward with nothing. So he rested on his pleadings and to the extent- Well, he shows injury in fact, easily. He shows the dissuading function. I mean, now there's some indication the clerk's office is saying, oh, you know, we don't do any of that stuff. We just shovel them on over to the court and the court, which, you know, clerk, that wouldn't shock me if that's the way that's done. But that's evidence in the record. The clerk's office doesn't contest that it has all these forms and different things that are dissuading. So there is no evidence in the record that the clerk, there are allegations in the complaint that under Apex Digital are no longer entitled to a presumption of truth once the clerk came forward with evidence. There's no evidence in the record that any of the, certainly Mr. Doe could have put that evidence. What about the forms? So there are no forms. I mean, surely we can take judicial notice of official forms from the state of Indiana. As I understand the allegation, their allegation is that the clerk's office has the forms that the director of state court administration prepares. I think they're sort of self-help forms to file this. The problem with that theory to proceed against the clerk, who has no authority to enforce the law, is that it essentially is a theory that informing someone what a law says provides standing for suit. If that's true, I'm aware of no authority. We haven't found any. Certainly Mr. Doe hasn't cited any that suggests that's enough to confer standing. And the analogy we make in our briefing is, you know, whatever federal official is in charge of the government publishing office becomes the appropriate defendant in any challenge to a federal statute. Because by publishing the code, they're making folks aware of what the statute says. And if that dissuades you from taking some action. One thing to say awareness, another thing to take active measures to dissuade. And that's my first question. My second is, what about the futility point? So as to your first question, again, it comes back to the fact that there's just no evidence in this record. But you don't contest really that the clerk's office, if asked, would tell anybody, you can't get a name change if you're not a U.S. citizen. And of course, he can't go back to his original country and get a name change because he has no legal authority. What we would contest is simply all that the evidence shows is that if they're asked what the law says as a matter of customer service, they would tell them that that part's correct. And so he would get the message that it was futile from their point of view, because that's what the law says. And again, the question is, can he trace that futility to anything the clerk is doing? I think the futility argument sort of makes the point if the Marion County clerk could change Mr. Doe's name, she would. She has no legal authority to do it. The cases that confer standing all talk about having authority to enforce. But she's enforcing that part of the law. And I guess I'm still wondering why, if there were a declaratory judgment that that part of the law, just as in my Muslim name example, was unconstitutional, somebody must be able to make that adjudication. Otherwise, this is a law-free zone. And I think, if I may, I think the answer is in the point you raised as to the BMV commissioner and also the Whitlow case from the Sixth Circuit they cite. In Whitlow, they sued the director of the Division of Licensing, because that's what they wanted to get. So I do think Mr. Doe can get into federal court, I just don't think it can be against the Marion County clerk.  Mr. Sands. Thank you, Your Honor. When you raised the fact that this is an unusual area of law where there is no adversarial relationship in the state court proceeding, I would characterize that as a different way of describing this as I had, as a statute that governs solely relations between the state itself and private persons. It doesn't govern relations between two sets of private persons. And all we're asking is that in that context, where the statute involves the state's own relations, one-on-one with private persons, that is where the argument against traceability and redressability with respect to these state defendants is at its weakest. Is there any law in Indiana, any case law or any other law about grounds for rejecting name changes? Not that I'm aware of, Your Honor, because in most cases these are very quick circumstances where a circuit court judge reviews to determine if there's any fraud and then grants the name change. Ordinarily, not much that goes with these proceedings. So they don't look at it. So for example, when Frank Zappa's daughter wanted to be named Moon Unit Zappa, Indiana would say that's fine. Is there anything precluding the, or requiring, I should say, the clerk's endorsement before submitting the petition to a judge? No, Your Honor. So all that the clerk does... We don't have a requirement here. I mean, the barrier of the clerk's passing on the current information of the statute doesn't preclude something that didn't occur here. The plaintiff did not go petition the judge. There is no formal barrier. There is no formal barrier from the county clerk. There is a deterrence barrier where the county clerk correctly... I'm asking about a legal barrier. Well, I understand, Your Honor. But in this case, it is a deterrent from seeking something to which the person is entitled other than the discrimination. If you don't need the clerk's endorsement, what barrier is there to presenting your situation to the judge? There is no formal barrier. But there is a barrier of a form that tells you from the clerk, you must be a United States citizen, don't come to court unless you have proof of your citizenship. That argument to the circuit judge, right? Could. But in that case, this plaintiff would not have a federal forum to adjudicate his claims of unconstitutional discrimination. And that is extremely unusual where someone is affirmatively raising a concern about unconstitutional discrimination as here. Let me quickly, I have a few minutes, quickly opine that an injunction could be issued that said, for example, the governor of Indiana is directed not to take any steps or to have any executive agencies take any steps to deny the benefits of a legal name change to an individual who was solely denied that legal name change because he is a non-citizen. That would in turn... What people would be bound by that? The Bureau of Motor Vehicles would be one, Your Honor. Not the prosecuting attorney. The Bureau of Motor Vehicles, which issues the ID and refuses to do so in this case without a legal name change would be required to do so. All of the agencies that the governor oversees, including BNV, would be covered by such an injunction. In this unusual circumstance, we believe that traceability and redressability are appropriate with respect to the state defendants and the county clerk, and we ask that you reverse and remand. Thank you. Thank you. Thanks to all counsel. We'll take the case under advisement.